UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CISNEROS, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01550-SAB (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

　　Plaintiff Melvin Joseph Simmons is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　Plaintiff filed the instant action on October 17, 2021. (ECF No. 1.) Plaintiff has submitted an application proceed in forma pauperis in this action. (ECF No. 2.) For the reasons discussed below, the Court recommends that Plaintiff not be allowed to proceed in forma pauperis and that Plaintiff instead be required to pay the filing fee if he wishes to proceed with this action.

**I.**

**DISCUSSION**

　　The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Simmons v. Giurbino, Case No. 3:11-cv-2169 WHA (N.D. Cal.) (dismissed on June 1, 2011 for failure to state a claim); (2) Simmons v. Kernon, Case No. 5:16-cv-07319 LHK (N.D. Cal.) (dismissed on July 25, 2017 for failure to state a claim); (3) Simmons v. State of California, Case No. 5:17-cv-05595 LHK (N.D. Cal.) (dismissed on January 28, 2018 for failure to state a claim). Plaintiff has been informed in other cases that he is subject to § 1915(g). See Simmons v. CDCR, et al., Case No. 2:21-cv-01236-TLN-AC (PC) (E.D. Cal.) (denying application to proceed in forma pauperis because suffered three or more strikes under § 1915(g)).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on October 17, 2021.[1] Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

---

[1] Because Plaintiff is a prisoner proceeding pro se, he is entitled to the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 267 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. Although Plaintiff's complaint is difficult to decipher, it appears that Plaintiff's allegations relate to the "safekeeping" of his personal property and alleged infringements on unidentified intellectual property. (ECF No. 1.) There are no allegations that demonstrate an imminent danger of serious physical injury at the time of filing, and Plaintiff is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 22, 2021**

UNITED STATES MAGISTRATE JUDGE